272

## Ex parte BAGLEY.

### BAGLEY v. VICE, United States Marshal, et al.

### No. 23720.

District Court, N. D. California, S. D.

Oct. 3, 1944.

A. L. Wirin and J. B. Tietz, both of Los Angeles, Cal., and Wayne M. Collins, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for respondents.

ST. SURE, District Judge.

Petitioner was convicted in this court (Case No. 28056-R) under an indictment charging violation of the Selective Training and Service Act of 1940, § 1 et seq., 50 U.S.C.A.Appendix, § 301 et seq. Thereafter he was committed to the Attorney General of the United States for imprisonment for a term of two years. An appeal was taken and the judgment of this court was affirmed by the Circuit Court of Appeals for the Ninth Circuit on June 14, 1944, Bagley v. United States, 144 F.2d 788. Petitioner surrendered himself into the custody of the United States marshal of this district under said judgment and commitment, and he now seeks a writ of habeas corpus, alleging that he is deprived of his liberty, upon the ground that he was denied due process of law by the local draft board when it refused his request for a personal appearance as provided by the Selective Service Regulations.

Respondents moved to dismiss upon the ground that the petition on its face is insufficient to justify the issuance of the writ.

It appears from the record on appeal and the decision of the Circuit Court of Appeals that the question as to petitioner's personal appearance and hearing before the local draft board was considered and determined. "It is clear that the judgment which was there upheld cannot be collaterally attacked on the same grounds by resort to habeas corpus." United States v. Nicholson and United States v. Kennedy, 4 Cir., 141 F.2d 689, 690. As was said in those cases petitioner "is imprisoned not under the Selective Service Act, but under the judgment of a court."

The petition will be dismissed.